Justice Stevens,
with whom Justice Ginsburg joins, dissenting.
Any private citizen may bring an action to enforce the False Claims Act, 31 U. S. C. §§ 3729-3733, unless the information on which his allegations are based is already in the public domain. Even if the information is publicly available, however, the citizen may still sue if he was an “original source” of that information. § 3730(e)(4)(A) (“No court shall have jurisdiction over an action under this section based upon the public disclosure of allegations or transactions . .. unless the action is brought by the Attorney General or the person bringing the action is an original source of the information”). Because I believe the Court has misinterpreted these provisions to require that an “original source” in a qui tam action have knowledge of the actual facts underlying the allegations on which he may ultimately prevail, I respectfully dissent.
In my view, a plain reading of the statute’s provisions— specifically, §§ 3730(e)(4)(A) and (B) — makes clear that it is the information underlying the publicly disclosed allegations, not the information underlying the allegations in the relator’s complaint (original or amended), of which the relator must be an original source.[1] Moreover, the statute’s use of *480 the article “an,” rather than “the,” in describing the original source indicates that the relator need not be the sole source of the information.
By contrast, the majority’s approach suggests that the relator must have knowledge of actual facts supporting the theory ultimately proved at trial — in other words, knowledge of the information underlying the prevailing claims. See ante, at 475 (limiting the relevant jurisdictional inquiry to those “false claims ultimately found by the jury”). I disagree. Such a view is not supported by the statute, which requires only that the relator have “direct and independent knowledge” of the information on which the publicly disclosed allegations are based and that the relator provide such information to the Government in a timely manner. As I read the statute, the jurisdictional inquiry focuses on the facts in the public domain at the time the action is commenced. If the process of discovery leads to amended theories of recovery, amendments to the original complaint would not affect jurisdiction that was proper at the time of the original filing.[2]
*481 In this case, as the Court points out, the fact that Rockwell was storing thousands of insolid pondcrete blocks at the Rocky Flats facility had been publicly disclosed by the news media before Stone filed this lawsuit. Ante, at 461,462-463. In my view, the record establishes that Stone was an original source of the allegations publicly disclosed by the media in June 1989, even though he thought that the deterioration of the pondcrete blocks would be caused by poor engineering rather than a poor formula for the mixture. The search warrant that was executed on June 6,1989, and the Federal Bureau of Investigation (FBI) affidavit that was released to the news media on June 9,1989, were both based, in part, on interviews with Stone and on information Stone had provided to the Government, including the 1982 Engineering Order.
With respect to earlier media coverage of the pondcrete leakage discovery in May 1988, however, Stone’s status as an original source is less obvious. Stone first went to the FBI with allegations of Rockwell’s environmental violations in March 1986. App. 180. He subsequently met with several FBI agents over the course of several years. Id., at ISO-182. During those meetings he provided the FBI with thousands of pages of documents, including the Engineering Order, in which he predicted that the pondcrete system design would not work. On the basis of that record, it seems likely that Stone (1) had “direct and independent knowledge of the information on which the [publicly disclosed] allegations [we]re based” and (2) voluntarily provided such information to the Government before filing suit. It is, however, his burden to establish that he did so. Because there has been no finding as to whether Stone was an original source *482 as to those public disclosures, I would vacate and remand for a determination whether Stone was in fact an original source of the allegations publicly disclosed by the media in 1988 and 1989.

 Section 3730(e)(4)(A) states:
“No court shall have jurisdiction over an action under this section based upon the public disclosure of allegations or transactions in a criminal, civil, *480 or administrative hearing, in a congressional, administrative, or Government Accounting Office report, hearing, audit, or investigation, or from the news media, unless the action is brought by the Attorney General or the person bringing the action is an original source of the information.” (Footnote omitted.)
Section 3730(e)(4)(B) then states:
“For purposes of this paragraph, ‘original source' means an individual who has direct and independent knowledge of the information on which the allegations are based and has voluntarily provided the information to the Government before filing an action under this section which is based on the information.”

 The majority’s approach requires courts to reevaluate jurisdiction over a qui tam action brought by an original source every time the complaint is amended. Such an approach, the Government has argued, will interfere with its ability to tailor the claims advanced as it sees appropriate. By contrast, under the approach I would adopt, the jurisdictional inquiry relates only to whether the relator was an original source of the informa *481 tion underlying the public disclosures, which can easily be determined when an action is filed and need not be revisited during later stages of the litigation.